992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrell Lamont BAILEY, Plaintiff-Appellant,
v.
UNITED STATES of America; Bureau of Prisons; J. Michael
Quinlan; and Gary L. Henman, Warden,
Defendants-Appellees.
Darrell Lamont BAILEY, Plaintiff-Appellant,
v.
UNITED STATES SENTENCING COMMISSION; United States of
America; James B. Parsons, United States District Court
Judge; Vaughn R. Walker, United States District Court
Judge; United States Attorney General, Defendants-Appellants.
 Nos. 92-3232, 92-3202.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Darrell Lamont Bailey seeks leave to proceed in forma pauperis to appeal the district court's order denying his pro se complaints. Plaintiff is currently incarcerated at the federal prison in Leavenworth, Kansas, serving a seventy-two year prison term for various bank robbery and weapons convictions.
 
 
 2
 In case number 92-3232, Plaintiff sought injunctive relief and monetary damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and/or for violation of his federal constitutional rights under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), based on the prison's policies concerning inmate access to telephones and collection of court ordered special assessments. The district court sua sponte dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies. We review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 Exhaustion of administrative remedies is a statutory prerequisite to recover monetary damages under the FTCA. See 28 U.S.C. § 2675(a). "Where Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 112 S.Ct. 1081, 1086 (1992) (citations omitted). The Bureau of Prisons has set forth the administrative procedure for claims under the FTCA, see 28 C.F.R. §§ 543.30-543.32 (1992), and it is clear from the record that Plaintiff has not pursued this avenue of relief. Thus, to the extent that Plaintiff stated a claim under the FTCA, dismissal without prejudice for failure to exhaust his administrative remedies was proper.
 
 
 4
 Plaintiff also sought relief by way of a Bivens cause of action. The Bureau of Prisons has set forth a grievance procedure for inmates with complaints relating to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.16. We have held that exhaustion of this administrative remedy is a prerequisite for an inmate to file a Bivens claim in federal court as it may provide a possible solution to the problem, reduce the intrusion of the courts into prison administration, and provide preliminary fact finding. See Brice v. Day, 604 F.2d 664, 667-68 (10th Cir.1979) (per curiam), cert. denied, 444 U.S. 1086 (1980).
 
 
 5
 In McCarthy, the Supreme Court held that exhaustion of the Bureau of Prisons' administrative procedure is not required before a federal prisoner can initiate a Bivens action solely for money damages. 112 S.Ct. at 1092. Weighing heavily in the Court's analysis was the absence of any monetary remedy in the grievance procedure. Id. at 1091. See also id. at 1092 (Rehnquist, C.J., concurring) (agreeing that federal prisoner need not exhaust administrative remedy due solely to the fact that administrative remedy does not provide for award of any monetary damages). Given the filing deadlines that create the risk of claim forfeiture, "the prisoner seeking only money damages has everything to lose and nothing to gain from being required to exhaust his claim under the internal grievance procedure." Id. at 1090.
 
 
 6
 However, the McCarthy Court expressly limited its holding to claims seeking only money damages. When a plaintiff also seeks injunctive relief, the principles underlying the Court's decision mitigate in favor of requiring exhaustion of administrative remedies. See McCarthy, 112 S.Ct. at 1091 n. 5 ("Were injunctive relief sought, the grievance procedure probably would be capable of producing the type of corrective action desired."). Clearly, the Bureau of Prisons has the authority to change its practices regarding access to telephones and collection of special assessments. Plaintiff has not made any showing that requiring him to exhaust his administrative remedy would prejudice his claim, that the remedy is inadequate, or that the administrative body is biased.[1] See McCarthy, 112 S.Ct. at 1087-88. Accordingly, we cannot say that the District Court abused its discretion by requiring Plaintiff to pursue his administrative remedy before seeking relief in federal court. See Young v. Quinlan, 960 F.2d 351, 356 n. 8 (3d Cir.1992) ("If ... a prisoner's suit seeks both injunctive relief and damages, the exhaustion requirement ordinarily must still be met.").
 
 
 7
 In case number 92-3202, Plaintiff sought damages, under the FTCA and what appears to be a Bivens claim, against the United States Sentencing Commission, the two federal district court judges who sentenced him, and the United States Attorney General, claiming discrimination against African Americans based on disparate sentencing under the United Sentencing Guidelines, and a failure to comply with Fed.R.Crim.P. 20(b) when he was transferred from the Northern District of Illinois to the Northern District of California. The district court dismissed the FTCA claim finding that Plaintiff failed to allege conduct by federal government employees within the scope of the FTCA. Furthermore, the district court found that Plaintiff's conclusory Bivens claim lacked an arguable basis either in law or fact, and therefore dismissed the claim under 28 U.S.C. § 1915(d). Again, we review for an abuse of discretion. Denton, 112 S.Ct. at 1734.
 
 
 8
 First, Plaintiff's claims for money damages against two federal district court judges for judicial actions within their jurisdiction is barred by absolute judicial immunity. See Mireles v. Waco, 112 S.Ct. 286, 287-88 (1991). Second, to the extent that Plaintiff stated a claim under the FTCA, it is clear that any actions of the Attorney General or the Sentencing Commission would be barred by the discretionary function exception. See 28 U.S.C. § 2680(a). Thus, the claims against the district judges and the FTCA claims are based on an "indisputably meritless legal theory" making dismissal under § 1915(d) proper. Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 9
 As to the Bivens claim, even if the Attorney General was not absolutely immune from liability based on prosecutorial immunity, see Burns v. Reed, 111 S.Ct. 1934, 1938-39 (1991), and the Sentencing Commission was not absolutely immune from liability for acts taken in its legislative capacity, see Tenney v. Brandhove, 341 U.S. 367, 372-79 (1951), we believe that Plaintiff's allegations of discriminatory intent against African-Americans by the Sentencing Commission and the Attorney General are clearly baseless making dismissal under § 1915(d) appropriate. See Neitzke, 490 U.S. at 327-28.
 
 
 10
 In both cases, Plaintiff has failed to present "a rational argument on the law or the facts," see Coppedge v. United States, 369 U.S. 438, 448 (1962); therefore, Plaintiff's requests to proceed in forma pauperis is DENIED, and the appeals are DISMISSED. 28 U.S.C. § 1915(d).
 
 
 11
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff contends that he is not required to exhaust his administrative remedy because such a remedy is futile. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991); Lyons v. United States Marshals, 840 F.2d 202, 204 (3d Cir.1988). On appeal, Plaintiff claims that the prison grievance procedure is not working because the prison does not respond within the required time and prisoners are permitted to file only one administrative grievance at a time. Notwithstanding that Plaintiff failed to challenge the administrative procedure in the district court, we do not view Plaintiff's allegations of delay and his inability to file more than one administrative grievance at a time as a serious impediment to relief under the prison grievance procedure